IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD H. GLAAB,

    Plaintiff,

v.

WELLS FARGO HOME MORTGAGE, INC.; NORTHWEST TRUSTEE SERVICES, INC.; and 0-100 JOHN DOES;

    Defendants.

O R D E R
Case No. 6:11-cv-06267-AA

AIKEN, Chief Judge:

    Defendant Wells Fargo Home Mortgage[1] ("WFHM") moves to dismiss plaintiff Edward Glaab's claims pursuant to Fed. R. Civ. P. 12(b)(2), Fed. R. Civ. P. 12(b)(5), and Fed. R. Civ. P. 12(b)(6). WFHB's motion is granted.

---

[1] Sued erroneously as "Wells Fargo Home Mortgage, Inc."

Page 1 - ORDER

**DISCUSSION**

On September 22, 2005, plaintiff took out a loan from Wells Fargo Bank, N.A. ("WFB") in order to refinance his residential property ("Property"). Pursuant to this transaction, plaintiff executed an adjustable rate note ("Note"), which was secured by a trust deed ("DOT") that lists WFB as the lender and beneficiary.[2] Pursuant to the DOT, plaintiff agreed to make monthly mortgage payments as required under the Note. Plaintiff also agreed that he would be in default, and subject to foreclosure, if he failed to make such payments.

In April 2010, plaintiff stopped making the requisite mortgage repayments, thereby materially defaulting. Subsequently, WFB appointed Northwest Trustee Services, Inc. ("NTS") as successor trustee; WFB also assigned the DOT to HSBC Bank, N.A., as trustee for Wells Fargo Home Equity Asset Backed Certificates, Series 2005-4. The Assignment of the DOT and Appointment of Successor Trustee were duly recorded in Deschutes County on August 30, 2010. On March 25, 2011, NTS executed a Notice of Default and Election to Sell the Property. A Trustee's Sale was scheduled for August 31, 2011.

On August 30, 2011, without filing a complaint, plaintiff

---

[2] Because they are part of the public record and therefore not subject to reasonable dispute, the Court takes judicial notice of the DOT, Appointment of Successor Trustee, Assignment of the DOT, Notice of Default and Election to Sell, Trustee's Deed, and Notice of Pendency of Action. See Fed. R. Evid. 201(b); Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001); see also Kiolbasa Decl. Exs. 1-6. Accordingly, the Court considers these documents pursuant to WFHM's motion to dismiss.

Page 2 - ORDER

filed a petition for a temporary injunction in order to enjoin defendants from non-judicially foreclosing. On September 29, 2011, plaintiff recorded a "Notice of Pendency of Action" in Deschutes County. On September 30, 2011, a Trustee's Sale was held, wherein HSBC was the winning bidder. On January 4, 2012, WFHM filed a motion to dismiss. On April 5, 2012, this Court issued an order staying WFHM's motion and advising plaintiff to file a complaint in accordance with Fed. R. Civ. P. 3, Fed. R. Civ. P. 8, and Fed. R. Civ. P. 9, and to issue a summons after filing the complaint in accordance with Fed. R. Civ. P. 4. On May 9, 2012, plaintiff filed a complaint.

On September 4, 2012, WFHM filed an amended motion to dismiss. Specifically, WFHM asserts that plaintiff has not effectuated service of process, such that the Court lacks personal jurisdiction. In addition, WFHM contends that plaintiff's complaint fails both at the pleadings level and as a matter of law. Further, WFHM requests that this Court nullify plaintiff's lis pendens. Plaintiff did not file an opposition to WFHM's motion.

A federal court does not have personal jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4. <u>Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.</u>, 840 F.2d 685, 688 (9th Cir. 1988). Accordingly, where the plaintiff effectuates insufficient service of process, the court must dismiss the action. Fed. R. Civ. P. 12(b)(5); Fed. R. Civ. P. 12(b)(2).

Similarly, where the plaintiff "fails to state a claim upon

Page 3 - ORDER

which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Bacca, 652 F.3d 1202, 1216, reh'g en banc denied, 659 F.3d 850 (9th Cir. 2011).

Plaintiff is proceeding pro se in this matter. Because pro se plaintiffs do not have the benefit of legal counsel, their pleadings are "held to less stringent standards" than those drafted by lawyers. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012). Nevertheless, even construing plaintiff's pleadings in the most favorable and liberal light, his complaint is fails to state a claim.

As an initial matter, plaintiff's complaint is conclusory and devoid of factual support. In its entirety, plaintiff's complaint consists of four paragraphs, none of which provide any names,

Page 4 - ORDER

dates, context, or factual content. Rather, plaintiff merely concludes that defendants' actions were wrongful because they are not "in possession of the [Note] and trust deed [since plaintiff] cannot find anywhere in the county deed records wherein any assignments were recorded giving defendants the right to foreclose," "rel[ied] on recorded documents that have 'robo signers,'" and refused to "give him an accounting of payments and how they were applied." Compl. ¶¶ 1-4. Thus, because plaintiff failed to include sufficient allegations of underlying facts in support of his legal conclusions, WFHM's motion is granted.

Moreover, plaintiff's complaint fails as a matter of law. First, Oregon law does not require presentation of the original promissory note "or any other proof of 'real party in interest' or 'standing,' other than the [DOT]" in order to foreclose. <u>Beyer v. Bank of Am.</u>, 800 F.Supp.2d 1157, 1159 (D.Or. 2011); Or. Rev. Stat. § 86.735.[3]  Second, plaintiff's request for an accounting is untimely. Plaintiff does not allege an ability to cure the default and has not otherwise sufficiently alleged that defendants' actions were wrongful. Accordingly, because defendants had the contractual right to foreclosure based on plaintiff's material default and because plaintiff is not at risk of a deficiency judgment being entered against him as a result of the foreclosure sale, whether

---

[3] The Court further notes that the chain of title in this case is clear; NTS was appointed as successor trustee by WFB, the originating lender, and thereafter the DOT was assigned once from WFB to HSBC, the foreclosing party. Thus, the record indicates that NTS and HSBC did have standing to foreclose. <u>See</u> Kiolbasa Decl. Ex. 2, at 1; Or. Rev. Stat. § 86.735.

Page 5 - ORDER

the Note and DOT were foreclosed upon in the correct amount is immaterial.[4]  See Or. Rev. Stat. § 86.770(2).

Finally, this Court does not have jurisdiction to expunge the Deschutes County's records; as such, WFHM's request to rescind plaintiff's lis pendens is denied.

## CONCLUSION

WFHM's amended motion to dismiss (doc. 35) is GRANTED.  WFHM's request that plaintiff's lis pendens be nullified (doc. 35) is DENIED.  This case is DISMISSED.

IT IS SO ORDERED.

Dated this 23rd day of October 2012.

_____
Ann Aiken
United States District Judge

---

[4] Furthermore, because plaintiff's complaint does not include any factual content, it is impossible to determine whether his request for an accounting was made to the proper party or within the relevant statute of limitations.

Page 6 - ORDER